UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FEDERAL INSURANCE COMPANY, as**
**subrogee of Marinemax of Sarasota, LLC.,**

    **Plaintiff,**

v.                                                                                    Case No.  8:07-cv-1237-T-30MSS

**BRUNSWICK FAMILY BOAT, CO., INC.;**
**and PROFESSIONAL MARINER, LLC.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Brunswick Family Boat Co., Inc.'s Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law (Dkt. #20), Defendant Brunswick Family Boat Co., Inc.'s Notice of Filing Executed Contract Between Meridian Yachts and MarineMax of Southwest Florida, LLC (Dkt. #24), and Plaintiff's Response to Defendant's Motion to Dismiss (Dkt. #25).  The Court, having considered the motion, response, notice of filings and attachments thereto, and being otherwise advised in the premises, concludes that Defendant's motion should be denied.

**Background.**

Plaintiff Federal Insurance Company, as subrogee of MarineMax of Sarasota, LLC ("Plaintiff") brings the following claims, pursuant to 28 U.S.C. §1333, against Defendants, Brunswick Family Boat Co., Inc. ("Brunswick") and Professional Mariner, LLC ("ProMariner"): Count I - Breach of Express Warranty (Brunswick), Count II - Negligence

(Brunswick), Count III - Strict Liability (Brunswick), Count IV - Breach of Implied Warranty of Merchantability (Brunswick), Count V - Breach of Implied Warranty of Fitness for Particular Purpose (Brunswick), Count VI - Negligence (ProMariner), Count VII - Strict Liability (ProMariner), Count VIII - Breach of Implied Warranty of Merchantability (ProMariner), and Count IX - Breach of Implied Warranty of Fitness for a Particular Purpose (ProMariner).[1]

Plaintiff is the insurer of MarineMax, a boat dealership. Brunswick is a merchant, manufacturer, and seller of boats and yachts. ProMariner is a merchant and seller of galvanic isolators, electronic devices installed on boats and yachts to protect against galvanic corrosion. Plaintiff alleges that: in March of 2005, MarineMax purchased a new 47' Meridian motor vessel from Brunswick ("47' Meridian"); the 47' Meridian became part of MarineMax's retail inventory; on May 25, 2005, the 47' Meridian caught fire while on the MarineMax property; the 47' Meridian was totally destroyed as well as a 45' Sea Ray also owned by MarineMax; the fire aboard the 47' Meridian originated from the vessel's galvanic isolator; Plaintiff was required to pay $925,250.00 to MarineMax pursuant to the terms and conditions of its insurance policy.

## Motion to Dismiss Standard Under Fed.R.Civ.P. 12(b)(6).

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could

---

[1] Counts VIII and IX were dismissed without prejudice on October 29, 2007 (Dkt. #28).

be proved consistent with the allegations." *Blackston v. State of Alabama*, 30 F.3d 117, 120 (11th Cir. 1994), quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). "Unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," the complaint should not be dismissed on grounds that it fails to state a claim upon which relief may be granted. *Sea Vessel, Inc. v. Reyes*, 23 F.3d 345, 347 (11th Cir. 1994). Nevertheless, to survive a motion to dismiss, a plaintiff must do more than merely "label" his claims. *Blumel v. Mylander*, 919 F.Supp. 423, 425 (M.D. Fla. 1996). Moreover, when on the basis of a dispositive issue of law no construction of the factual allegations will support the cause of action, dismissal of the complaint is appropriate. *Marshall County Bd. Of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

**Discussion.**

Brunswick moves to dismiss Counts I, II, III, IV, and V of Plaintiff's Amended Complaint based on the argument that Plaintiff's claims are barred by the terms of a "Sales and Service Agreement" (Dkt. #24-2) entered into by and between Meridian Yachts, a division of Brunswick Family Boat Co., Inc., and MarineMax of Southwest Florida, LLC and

MarineMax, Inc. Brunswick points out that Paragraph 22 of the Sales and Service Agreement states, in pertinent part:

> 22. <u>Disputes</u>. All disputes, controversies or claims connected with, arising out of, or relating to this Agreement, or any modification, extension or renewal thereof, or to any causes of action that result from such relationship, shall be subject exclusively to the remedy of arbitration described herein, including but not limited to sums due under this Agreement, the interpretation, performance or nonperformance of this Agreement, and claim for damages or rescission, a breach or default of this Agreement, the creation, termination or nonrenewal of this Agreement (such as a dispute regarding the causes, validity or circumstances of the termination, nonextension, or nonrenewal), and trade regulations or antitrust claims, whether such controversies or claims are in law or equity or include claims based upon contract, statute, tort, or otherwise. All controversies shall be conducted in accordance with the American Arbitration Association Commercial Arbitration Rules.
>
> The Arbitration shall be governed by the United States Arbitration Act, 9 U.S.C. § 1-16, as amended, and judgment upon the award rendered by the arbitrator may be entered by any court having jurisdiction thereof. The place of the arbitration shall be at Chicago, Illinois. Dealer consents to personal jurisdiction of such court, including the federal and state courts located in the State of Illinois. The arbitrator is not empowered to and shall not award damages in excess of actual damages and in no event shall the arbitrator award punitive, special or consequential damages, or prejudgment interest.
>
> This Paragraph shall survive the expiration or termination of this Agreement.
>
> Except for sums owing to Meridian all arbitration claims and proceedings must be instituted within one (1) year after the cause of action arises, and failure to institute arbitration proceedings within such period shall constitute an absolute bar to the institution of any proceedings and a waiver and relinquishment of all such claims.

Brunswick argues that paragraph 22 of the Sales and Service Agreement entered into by Brunswick and MarineMax effectively bars Plaintiff from bringing this action (claims for breach of warranty, negligence, and strict liability). In response, Plaintiff argues that it is not

suing over a dispute arising from the Sales and Service Agreement or in its capacity as a dealer. Rather, Plaintiff is suing for breach of the manufacturer's warranty as a subrogee of MarineMax, the vessel owner. Furthermore, Plaintiff argues that it does not mention or rely upon the Sales and Service Agreement in the Amended Complaint, nor is such agreement attached as an exhibit. Plaintiff's response is well taken.

In deciding a motion to dismiss, a court can examine only the four corners of the complaint. *Rickman v. Precisionaire, Inc.*, 902 F.Supp. 232, 233 (M.D. Fla. 1995). As a general rule, the Court must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint. *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005). A document outside of the four corners of the complaint may be considered, however, if the document is central to the Plaintiff's claims and is undisputed in terms of authenticity. *Horsely v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). Further, a document may be incorporated by reference into a complaint if the document is central to the plaintiff's claims, the document's contents are alleged in the complaint, and no party questions those contents. *Day*, 400 F.3d at 1276.

In this case, Defendant is relying on facts and documents outside the four corners of the Amended Complaint and not referenced therein. Furthermore, Plaintiff disagrees as to the relevance of the Sales and Service Agreement. From a review of the Sales and Service Agreement proffered by Defendant, it does not appear that the document is central to Plaintiff's claims, or that the document's contents are alleged in the Amended Complaint. Finally, it does not appear that Plaintiff's claims "arise out of" or "relate" to the Sales or

Service Agreement as contemplated in paragraph 22 of the document. For these reasons, the Court concludes that Brunswick's motion to dismiss should be denied.

It is therefore ORDERED AND ADJUDGED that:

1. Defendant Brunswick Family Boat Co., Inc.'s Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law (Dkt. #20) is **DENIED**.

2. Defendant Brunswick Family Boat Company, Inc. shall file an answer to the Amended Complaint within twenty (20) days of the entry of this Order.

**DONE** and **ORDERED** in Tampa, Florida on November 5, 2007.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2007\07-cv-1237.mt dismiss 20.wpd